JOSEPH WEISBERGER AND YETTA WEISBERGER, PLAINTIFFS-RESPONDENTS, v. SAMUEL BRATTER, DEFENDANT-APPELLANT.

Submitted October 28, 1932—Decided January 31, 1933.

For the appellant, *Philip J. Schotland.*

For the respondents, *Kessler & Kessler.*

The opinion of the court was delivered by

Donges, J. This is an appeal from a judgment in favor of the plaintiffs-respondents and against the defendant-appellant in the amount of $1,600, being four months' rent claimed, at $400 a month, in an action tried before Judge Mountain and a jury at the Essex Circuit.

The plaintiffs and the defendant entered into a written lease on September 30th, 1930, by which a miniature golf course was let for a term of three years at an annual rental of $4,800, payable $400 monthly in advance. The plaintiffs brought this suit for rent for the months of August, September, October and November, 1931. The defendant answered admitting the rent was not paid and setting up two separate defenses in the original answer and amended answer. The first was that he was induced to sign the lease by misrepresentation as to the income derived from the golf course; and secondly, that by the institution of proceedings on October 26th, 1931, to recover possession of the premises, plaintiffs elected to terminate the lease, and that the relation of landlord and tenant ceased on October 30th, and that, therefore, no rent was payable after that time.

As to the first defense, it appearing that the defendant had gone into possession at or about the date of the lease and operated the golf course until November, 1930; had opened it again in the spring of 1931, and continued its operation until about September 15th, 1931, during which time he had taken the benefit of the contract, the trial court held that it was too late for him to set up fraud and misrepresentation in the making of the lease. In this we think the trial judge was right. It is well settled that if a party claims to have been defrauded into making a contract, he must act with reasonable promptness after learning of the fraud if he desires to rescind, and cannot take the benefit of the contract and delay for an unreasonable length of time moving to rescind. The trial court properly dealt with this question. *Timlan* v. *Dilworth,* 76 *N. J. L.* 568.

The second defense rests upon the admitted fact that the plaintiffs commenced an action for possession of the premises in the Second District Court of the city of Newark on the 26th day of October, 1931, following a notice alleged by defendant to have been served on him on October 17th, 1931, demanding payment of the rent due or possession of the premises. It appears that no steps were taken in that proceeding beyond tacking up a summons on the premises. No

appearance was made on the return day and thereupon the action was discontinued. Defendant said he received a notice to pay rent or quit and acted in accordance therewith by quitting the premises. The giving of this notice was denied. It was denied that the defendant was served with a summons, but on the contrary it was alleged that the defendant had quit the premises before the proceeding was instituted.

The trial judge left to the jury the question of whether or not the defendant had quit the premises in consequence of a notice and the institution of the proceeding for rent or possession, or whether he had abandoned the premises and breached his contract without knowledge of such notice or proceeding. The jury found in favor of the plaintiffs. Admittedly, this defense would apply only to the rent for the month of November.

There was an amendment to the complaint demanding rent for the balance of the term, but apparently this claim was not pressed. The court directed a verdict for the amount of rent for August, September and October, $1,200 and interest, which seems to be a proper direction in view of the failure of the first defense. The utmost to which the defendant was entitled was to have left to the jury the question of whether or not his leaving the premises was in consequence of the conduct of the plaintiffs in instituting proceedings for possession, or of his own choosing. That is, whether or not there was an eviction before the November rent became due. *Hunter* v. *Reiley,* 43 *N. J. L.* 480.

In *Hunter* v. *Reiley, supra,* it was held that an eviction to have the effect of suspending the rent must be effected before the rent becomes due, and that "if the acts proven amount to a clear indication of intention on the landlord's part that the tenant shall no longer continue to hold the premises, they will constitute an eviction." In the instant case the proceeding did not terminate in a judgment for possession but was discontinued, because the landlords did not desire possession but only to recover the rent due. It is not necessary to decide whether the trial judge would have been warranted in holding that this defense was unavailable to the

234

defendant, for certainly the defendant was not injured by the court's leaving it to the jury to say whether or not there had been a termination of the lease by the conduct of the lessors. This was the utmost to which he was entitled, under the proofs in this case.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.